353 So.2d 657 (1977)
NATIONAL STEEL PRODUCTS COMPANY, Formerly Known As Stran-Steel Corporation, a Foreign Corporation, Appellant,
v.
DONALD L. MYRICK AND ASSOCIATES, INC., a Florida Corporation, Donald L. Myrick, and Individual, d/b/a Donald L. Myrick and Associates, Clearwater Oaks Bank, a Florida Banking Corporation, Ellis First National Bank of New Port Richey, a Banking Corporation Organized and Existing under the Laws of the United States, and Bruce Strumpf, As Receiver, Appellees.
No. 77-664.
District Court of Appeal of Florida, Second District.
December 28, 1977.
Rehearing Denied January 20, 1978.
Ronald P. Teevan of Cooper, Rives, Penick, Strohauer & Teevan, Clearwater, for appellant.
Harold S. Wilson, Clearwater, for appellee Donald L. Myrick and Associates, Inc., and Donald L. Myrick.
Herbert E. Langford, Jr., of Haworth, Langford & Turtzo, P.A., Clearwater, for appellee Clearwater Oaks Bank.
Larry K. Coleman of Knowles, Blalock, Coleman & Landers, Bradenton, for appellee Ellis First Nat. Bank of New Port Richey.
*658 RYDER, Judge.
Appellant, plaintiff below, appeals a final order dismissing with prejudice its second amended complaint for replevin of certain building materials. We reverse.
After two prior complaints were dismissed, appellant filed its second amended complaint against appellees seeking replevin of certain building materials which, if assembled, would have constituted a skating rink. Appellant alleged in this complaint that it was entitled to recover possession of the materials because, pursuant to a written agreement with appellee Myrick and Associates [hereinafter "Myrick"], it sold and delivered the materials to Myrick on October 31, 1974 at a certain location in Pasco County where the skating rink was to be constructed; that the total purchase price due appellant was $88,115.15, payable in three cash payments; that Myrick made the first two payments, leaving a net balance of $27,502.44 due appellant; that Myrick had tendered a check in the amount of the balance due appellant, but this check was dishonored by the bank upon which it was drawn; that Myrick had thereafter refused and failed to make payment of the balance due; and that the materials have a present value, to the best of appellant's knowledge, of $19,066.00.
The second amended complaint further alleged that the subject materials never were incorporated in the intended improvement or any other improvement to the real property; that the intended improvement had been abandoned; that the materials had not been removed from the real property to which they were delivered; and that appellant is therefore entitled to replevy these materials pursuant to the specific statutory right of replevin granted by Section 713.15, Florida Statutes (1975), "Repossession of materials not used." It was further alleged that any interest claimed by appellee Ellis First National Bank of New Port Richey [hereinafter "Ellis Bank"] or by appellee Clearwater Oaks Bank [hereinafter "Oaks Bank"] in the subject materials is inferior and subordinate to that of appellant. Appellant's second amended complaint also contained the necessary procedural allegations required by Section 78.05, Florida Statutes (1975), such as a statement that the property is wrongfully detained, that the claimed property has not been taken for a tax or assessment pursuant to law, and so on.
Appellees Ellis Bank and Oaks Bank filed motions to dismiss appellant's second amended complaint. A final order was entered on April 6, 1977 dismissing the second amended complaint with prejudice, appellant having declined to plead further. This appeal ensued.
We are of the view that the allegations of appellant's second amended complaint, which must be taken as true at this stage of the proceedings, state a cause of action for the replevin of the building materials, founded on Section 713.15, Florida Statutes (1975), which provides:
If for any reason the completion of an improvement is abandoned or though the improvement is completed, materials delivered are not used therefor, a person who has delivered materials for the improvement which have not been incorporated therein and for which he has not received payment may peaceably repossess and remove such materials or replevy the same and thereupon he shall have no lien on the real property or improvements and no right against any persons for the price thereof, but shall have the same rights in regard to the materials as if he had never parted with their possession. This right to repossess and remove or replevy the materials shall not be affected by their sale, encumbrance, attachment, or transfer from the site of improvement, except that if the materials have been so transferred, the right to repossess or replevy them shall not be effective as against a purchaser or encumbrancer thereof in good faith whose interest therein is acquired after such transfer from the site of the improvement or as against a creditor attaching after such transfer. The right of repossession and removal given by this section shall extend only to materials whose purchase *659 price does not exceed the amount remaining due to the person repossessing but where materials have been partly paid for, the person delivering them may repossess them as allowed in this section on refunding the part of the purchase price which has been paid.
Only two of the various arguments advanced by the appellees below and in this court to sustain the dismissal of the complaint merit discussion. First, the appellees contend that Section 713.15 does not give appellant an independent right to replevy the materials, but rather appellant as vendor of the materials must first allege its initial entitlement to possession under the replevin statute, Chapter 78, Florida Statutes (1975) by way of its retention of some right, title or security interest. Only then, it is argued, could appellant look to the requirements of Section 713.15 providing for repossession and removal or replevin of the materials. Since appellant has not alleged that it retained any security interest in the materials in question, but rather that it sold and delivered them to appellee Myrick, appellees conclude that the allegations of the second amended complaint were insufficient to state a cause of action for replevin.
We cannot agree with this argument of appellees. A close reading of the clear terms of the statute resolves this point in favor of appellant's argument that it grants an independent right to replevin when allegations are made (and, of course, if ultimately proven) of facts coming within the ambit of the statute. At this juncture we emphasize the first sentence of the statute and point out that under its terms "... a person who has delivered materials for the improvement which have not been incorporated therein and for which he has not received payment may peaceably repossess and remove such materials or replevy the same and thereupon ... shall have the same rights in regard to the materials as if he had never parted with their possession."
Section 713.15 thus gives the person who delivered the materials two distinct courses of action, peaceable repossession and removal of the materials (i.e., through self-help) or replevin (i.e., through the judicial process). The person who delivered the materials may elect to pursue either course of action. If he elects to institute a legal action for replevin, as did appellant here, this statute itself confers the right to maintain such an action whether or not he may also have a security interest in the materials.
Furthermore, we note that the forerunner of the present Section 713.15, Florida Statutes (1975), was Section 84.10, Florida Statutes (1961) which was first enacted in 1935. The first sentence of the prior statute is identical to the wording of the present statute except it merely provides "... may repossess and remove such materials... ." The phrase "or replevy the same" was first added by the legislature in the 1963 session, resulting in Section 84.151, Florida Statutes (1963) which was renumbered in 1967 as Section 713.15. The addition of the phrase "or replevy" grants a person, like appellant, delivering materials that are not used for an improvement and for which he has not received payment a new and independent remedy, replevin. We also note that the 1963 legislature added the word "peaceably" to modify the phrase "repossess and remove." It is thus clear that the legislature intended the plaintiff to have two distinct remedies, either self-help or judicial action.
Appellees further argue that appellant's second amended complaint fails to state a cause of action for replevin pursuant to Section 713.15 because appellant does not allege that it has refunded the part of the purchase price paid by Myrick. Refund of the partial payment, so say appellees, is a precondition to replevin under the aforesaid statute. We disagree.
At this point we emphasize the last sentence of the statute and note that it provides, "... where materials have been partly paid for, the person delivering them may repossess them as allowed in this section on refunding the part of the purchase *660 price which has been paid." As noted above, this statute provides for two distinct remedies, self-help repossession and removal of the materials or replevin of the materials through the judicial process. The last sentence of the above-quoted statute plainly makes refund of the partial payment a precondition only when one elects to employ self-help repossession and removal, not when replevin is elected. This provision seems entirely logical to us, as it will prevent the self-help repossessor from getting a windfall. On the other hand, no possibility of a windfall exists when the avenue of replevin is followed because the court, pursuant to the first sentence of Section 713.15, may properly limit the amount of materials replevied in cases of partial payment to the amount of such materials "for which he has not received payment... ." In the instant case, appellant has alleged that the current value of the materials is less than the net balance due it and thus seeks to replevy all of the materials in question. Trial of these facts and the trial court's findings in this regard, of course, await our remand.
We have considered the other arguments advanced by appellees and find them without merit.
In view whereof, the judgment appealed from should be, and it is hereby, reversed and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON, Acting C.J., and DANAHY, J., concur.